STATE OF MINNESOTA                                  DISTRICT COURT

COUNTY OF RAMSEY                                    SECOND JUDICIAL DISTRICT

---

John Ekblad,

|  |  |
|---|---|
| Plaintiff, | Case type:  Civil - Employment |
| vs. | SUMMONS |
| Saint Paul Public Schools, District 625, Valeria Silva, individually and in her Official Capacity, and Theresa Battle, individually and in her Official Capacity, | Case No.: |
| Defendants. | |

---

TO THE ABOVE-NAMED DEFENDANTS:

1.    **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2.    **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Villaume & Schiek, P.A., 2051 Killebrew Drive, Suite 611, Bloomington, MN 55425.

3.    **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4.    **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be entered against you for the relief requested in the Complaint.

5.    **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

6.    **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated:   March 1, 2016                          VILLAUME & SCHIEK, P.A.


                                                Philip G. Villaume (#112859)
                                                Jeffrey D. Schiek (#0305455)
                                                Thomas H. Priebe (#0395187)
                                                Attorneys for Plaintiff
                                                BLN Office Park
                                                2051 Killebrew Drive, Suite 611
                                                Bloomington, MN 55425
                                                (952) 851-9500

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF RAMSEY                                SECOND JUDICIAL DISTRICT

---

John Ekblad,

                Plaintiff,              Case type:  Civil – Employment

vs.                              **COMPLAINT**

Saint Paul Public Schools,        Case No.:
District 625,
Valeria Silva, individually and in her
Official Capacity,
and Theresa Battle, individually and
in her Official Capacity,

                Defendants.

---

    COMES NOW the Plaintiff, John Ekblad, by and through his attorneys, Philip G. Villaume, Jeffrey D. Schiek, Thomas Priebe and for a Complaint against the Defendants, Saint Paul Public Schools, District 625, Valeria Silva, individually and in her official capacity, and Theresa Battle, individually and in her official capacity, states and alleges as follows:

## PARTIES

1. The Plaintiff, John Ekblad ("Mr. Ekblad") is, and at all times relevant to the actions complained of herein has been, an employee of Saint Paul Public Schools, District 625 at Central Senior High School ("CSHS"), and is a resident of the City of Burnsville, County of Dakota, State of Minnesota.

2. The Defendant, Saint Paul Public Schools, District 625 ("SPPS") is a public school entity created under the laws of Minnesota.  SPPS receives federal funding and it operates the public schools in Saint Paul, Minnesota, including CSHS.

3.   Valeria Silva ("Ms. Silva") is an adult resident of the State of Minnesota and at all relevant times has been the Superintendent of SPPS.

4.   Theresa Battle ("Ms. Battle") is an adult resident of the State of Minnesota and at all relevant times has been the Assistant Superintendent of High Schools for SPPS and oversees CSHS.

## JURISDICTION

5.   The court has jurisdiction over this matter because the actions alleged occurred in the County of Ramsey, State of Minnesota and SPPS is located in the County of Ramsey, Minnesota.  This Court has concurrent jurisdiction over the Federal claims stated in this Complaint.

## FACTS

6.   Mr. Ekblad is a teacher of Physical Science at SPPS.

7.   Mr. Ekblad has been a teacher at SPPS for approximately 21 years.

8.   On or about December 4, 2015, Mr. Ekblad was physically assaulted and battered by a student at CSHS. Mr. Ekblad was repeatedly punched and choked by the student and sustained multiple serious injuries, including a traumatic brain injury and post-concussion syndrome.

9.   As a result of the December 4, 2015 incident, Mr. Ekblad has incurred permanent injuries.

10.  Mr. Ekblad was attacked on December 4, 2015 for personal reasons.

11.  Mr. Ekblad's injuries were sustained while he was on lunch.

12.  On approximately December 24, 2015, SPPS sent Mr. Ekblad a letter explaining that it would "protect" Mr. Ekblad's job.

2

13. Prior to the December 4, 2015 incident, SPPS had knowledge of the dangerous conditions present at CSHS.

14. Upon information and belief, prior to the December 4, 2015 incident, SPPS knew that the student who attacked Mr. Ekblad was a danger to others.

15. Prior to, and at the time of, the December 4, 2015 incident, SPPS failed to take adequate precautions to prevent the type of injuries sustained by Mr. Ekblad.

16. Prior to, and at the time of, the December 4, 2015 incident, SPPS failed to provide proper security at CSHS.

17. SPPS could have and should have prevented Mr. Ekblad's injuries by properly supervising its premises and students.

18. Prior to the December 4, 2015 incident, there were approximately 20 assaults against teachers at locations operated by and supervised by SPPS.

19. SPPS knew that the injuries to Mr. Ekblad would occur if it failed to adequately supervise its premises and students.

20. Following the December 4, 2015 incident, Mr. Ekblad has been unable to return to work because of the injuries he sustained.

21. The injuries sustained by Mr. Ekblad were the result of the illegal acts of the Defendants.

22. The student who injured Mr. Ekblad has pleaded guilty to felony assault.

23. Prior to the December 4, 2015 incident, the Defendants were told that the premises of CSHS was dangerous and posed an imminent risk to teachers, support staff, building administration, and students.

24. Prior to, and at the time of, the December 4, 2015 incident, the Defendants failed to take any disciplinary action against the student who assaulted Mr. Ekblad despite having knowledge that the student was a danger to others.

25. Prior to, and at the time of, the December 4, 2015 incident, SPPS had actual knowledge that there was a physical violence problem towards teachers at CSHS. Despite this knowledge, SPPS failed to take any action to prevent the kinds of injuries sustained by Mr. Ekblad.

26. On approximately December 8, 2015, the Saint Paul Federation of Teachers ("SPFT") issued a "Statement on School Climate." In this statement, SPFT explained that the school "year has been marked by too many instances of assaults on students, teachers and other staff members in the halls and classrooms of our schools."

27. Mr. Ekblad's injuries were the result of foreseeable misconduct that could have been prevented by the exercise of reasonable care.

28. Both Ms. Valeria and Ms. Battle were responsible for preventing the kinds of injuries sustained by Mr. Ekblad on December 4, 2015.

29. The Defendants had a duty to keep its premises safe for Mr. Ekblad.

30. The Defendants had a non-discretionary duty to provide Mr. Ekblad with an environment free of abuse, harassment, violence, and assaultive behavior of students.

31. The actions of the Defendants in placing Mr. Ekblad in a dangerous environment was in violation of their non-discretionary duties and rules.

32. Mr. Ekblad has never elected workers' compensation.

33. Mr. Ekblad has the Constitutional right, under the State and Federal Constitutions, to elect to proceed against the Defendants in a civil forum, separate from the workers' compensation laws.

34. Mr. Ekblad has sustained injuries that cannot be redressed through workers' compensation.

35. The actions of the Defendants were willful, malicious, or intentional and caused damages to Mr. Ekblad.

## COUNT I – SPPS AND ITS EMPLOYEES
## NEGLIGENCE

Plaintiff, for his first cause of action against SPPS and its employees, alleges as follows:

Plaintiff incorporates all paragraphs of this complaint as if fully set forth under this count and further alleges that:

36. Mr. Ekblad is a teacher of Physical Science at SPPS.

37. Mr. Ekblad has been a teacher at SPPS for approximately 21 years.

38. On or about December 4, 2015, Mr. Ekblad was physically assaulted and battered by a student at CSHS. Mr. Ekblad was repeatedly punched and choked by the student and sustained multiple serious injuries.

39. As a result of the December 4, 2015 incident, Mr. Ekblad has incurred permanent injuries.

40. Mr. Ekblad was attacked on December 4, 2015 for personal reasons.

41. Mr. Ekblad's injuries were sustained while he was on lunch.

42. On approximately December 24, 2015, SPPS sent Mr. Ekblad a letter explaining that it would "protect" Mr. Ekblad's job.

5

43. Prior to the December 4, 2015 incident, SPPS had knowledge of the dangerous conditions present at CSHS.

44. Upon information and belief, prior to the December 4, 2015 incident, SPPS knew that the student who attacked Mr. Ekblad was a danger to others.

45. Prior to, and at the time of, the December 4, 2015 incident, SPPS failed to take adequate precautions to prevent the type of injuries sustained by Mr. Ekblad.

46. Prior to, and at the time of, the December 4, 2015 incident, SPPS failed to provide proper security at CSHS.

47. SPPS could have and should have prevented Mr. Ekblad's injuries by properly supervising its premises and students.

48. Prior to the December 4, 2015 incident, there were approximately 20 assaults against teachers at locations operated by and supervised by SPPS.

49. SPPS knew that the injuries to Mr. Ekblad would occur if it failed to adequately supervise its premises and students.

50. Following the December 4, 2015 incident, Mr. Ekblad has been unable to return to work because of the injuries he sustained.

51. The injuries sustained by Mr. Ekblad were the result of the illegal acts of the Defendants.

52. The student who injured Mr. Ekblad has pleaded guilty to felony assault.

53. Prior to the December 4, 2015 incident, the Defendants were told that the premises of CSHS was dangerous and posed an imminent risk to teachers, support staff, building administration, and students.

54. Prior to, and at the time of, the December 4, 2015 incident, the Defendants failed to take any disciplinary action against the student who assaulted Mr. Ekblad despite having knowledge that the student was a danger to others.

55. Prior to, and at the time of, the December 4, 2015 incident, SPPS had actual knowledge that there was a physical violence problem towards teachers at CSHS. Despite this knowledge, SPPS failed to take any action to prevent the kinds of injuries sustained by Mr. Ekblad.

56. Mr. Ekblad's injuries were the result of foreseeable misconduct that could have been prevented by the exercise of reasonable care.

57. SPPS was responsible for preventing the kinds of injuries sustained by Mr. Ekblad on December 4, 2015.

58. The Defendants had a duty to keep its premises safe for Mr. Ekblad.

59. The Defendants had a non-discretionary duty to provide Mr. Ekblad with an environment free of abuse, harassment, violence, and assaultive behavior of students.

60. The actions of the Defendants in placing Mr. Ekblad in a dangerous environment was in violation of their non-discretionary duties and rules.

61. Mr. Ekblad has never elected workers' compensation.

62. Mr. Ekblad has the Constitutional right, under the State and Federal Constitutions, to elect to proceed against the Defendants in a civil forum, separate from the workers' compensation laws.

63. Mr. Ekblad has sustained injuries that cannot be redressed through workers' compensation.

64. The actions of the Defendants were willful, malicious, or intentional and cased damages to Mr. Ekblad.

65. SPPS failed to exercise reasonable policy, procedures, and precautionary measures, education and training pertaining to assaultive or violent behavior of its students, and if SPPS had applied adequate measures to such activity the injuries suffered by Mr. Ekblad would have been prevented.

66. The actions of SPPS and its employees on and/or before December 4, 2015, violate school district policies together with the corresponding Minnesota statutes.

67. SPPS breached its duty by not exercising statutory policy, procedures and precautionary measures, education and training regarding physical violence against teachers.

68. SPPS is liable for the wrongful acts of its employees under the law of vicarious liability.

69. The actions of SPPS and its employees were in violation of a statute, caused injuries to a person that the statute was designed to protect, and caused the kind of injuries that the statute was designed to prevent.

70. As a result of the conduct of SPPS and its employees, Mr. Ekblad has suffered and will continue to suffer severe and permanent physical injury, severe and permanent emotional distress, physical manifestations of emotional distress, humiliation, loss of self-esteem, and other psychological injuries, was prevented and will continue to be prevented from performing his normal daily activities and obtaining the full enjoyment of life, will incur expenses for psychological treatment, therapy and counseling. Mr. Ekblad has also sustained damages for loss of pay and future pay.

## COUNT II – SPPS AND ITS EMPLOYEES
### NEGLIGENT SUPERVISION

Plaintiff, for his second cause of action against the SPPS and its employees, alleges as follows:

Plaintiff incorporates all paragraphs of this complaint as if fully set forth under this count and further alleges that:

71.  Mr. Ekblad is a teacher of Physical Science at SPPS.

72.  Mr. Ekblad has been a teacher at SPPS for approximately 21 years.

73.  On or about December 4, 2015, Mr. Ekblad was physically assaulted and battered by a student at CSHS. Mr. Ekblad was repeatedly punched and choked by the student and sustained multiple serious injuries.

74.  As a result of the December 4, 2015 incident, Mr. Ekblad has incurred permanent injuries.

75.  Mr. Ekblad was attacked on December 4, 2015 for personal reasons.

76.  Mr. Ekblad's injuries were sustained while he was on lunch.

77.  On approximately December 24, 2015, SPPS sent Mr. Ekblad a letter explaining that it would "protect" Mr. Ekblad's job.

78.  Prior to the December 4, 2015 incident, SPPS had knowledge of the dangerous conditions present at CSHS.

79.  Upon information and belief, prior to the December 4, 2015 incident, SPPS knew that the student who attacked Mr. Ekblad was a danger to others.

80.  Prior to, and at the time of, the December 4, 2015 incident, SPPS failed to take adequate precautions to prevent the type of injuries sustained by Mr. Ekblad.

81. Prior to, and at the time of, the December 4, 2015 incident, SPPS failed to provide proper security at CSHS.

82. SPPS could have and should have prevented Mr. Ekblad's injuries by properly supervising its premises and students.

83. Prior to the December 4, 2015 incident, there were approximately 20 assaults against teachers at locations operated by and supervised by SPPS.

84. SPPS knew that the injuries to Mr. Ekblad would occur if it failed to adequately supervise its premises and students.

85. Following the December 4, 2015 incident, Mr. Ekblad has been unable to return to work because of the injuries he sustained.

86. The injuries sustained by Mr. Ekblad were the result of the illegal acts of the Defendants.

87. The student who injured Mr. Ekblad has pleaded guilty to felony assault.

88. Prior to the December 4, 2015 incident, the Defendants were told that the premises of CSHS was dangerous and posed an imminent risk to teachers, support staff, building administration, and students.

89. Prior to, and at the time of, the December 4, 2015 incident, the Defendants failed to take any disciplinary action against the student who assaulted Mr. Ekblad despite having knowledge that he was a danger to others.

90. Prior to, and at the time of, the December 4, 2015 incident, SPPS had actual knowledge that there was a physical violence problem towards teachers at CSHS. Despite this knowledge, SPPS failed to take any action to prevent the kinds of injuries sustained by Mr. Ekblad.

91. Mr. Ekblad's injuries were the result of foreseeable misconduct that could have been prevented by the exercise of reasonable care.

92. Both Ms. Valeria and Ms. Battle were responsible for preventing the kinds of injuries sustained by Mr. Ekblad on December 4, 2015.

93. The Defendants had a duty to keep its premises safe for Mr. Ekblad.

94. The Defendants had a non-discretionary duty to provide Mr. Ekblad with an environment free of abuse, harassment, violence, and assaultive behavior of students.

95. The actions of the Defendants in placing Mr. Ekblad in a dangerous environment was in violation of their non-discretionary duties and rules.

96. Mr. Ekblad has never elected workers' compensation.

97. Mr. Ekblad has the Constitutional right, under the State and Federal Constitutions, to elect to proceed against the Defendants in a civil forum, separate from the workers' compensation laws.

98. Mr. Ekblad has sustained injuries that cannot be redressed through workers' compensation.

99. The actions of the Defendants were willful, malicious, or intentional and cased damages to Mr. Ekblad.

100. SPPS breached its duty of care to Mr. Ekblad by failing to follow its policy to prevent violence and placing Mr. Ekblad in a situation which posed a foreseeable risk of injuries.

101. SPPS did not take adequate precautions in protecting Mr. Ekblad from its students' foreseeable actions.

102. SPPS breached its duty by failing to properly supervise its students while on SPPS property.

11

103. SPPS breached its duty by failing to properly supervise its premises and by failing to properly warn its visitors of a known, dangerous condition.

104. SPPS breached its duty by not exercising statutory policy, procedures and precautionary measures, education and training regarding violence.

105. SPPS is liable for the wrongful acts of its employees under the law of vicarious liability.

106. As a result of the conduct of SPPS and its employees, Mr. Ekblad has suffered and will continue to suffer severe and permanent physical injury, severe and permanent emotional distress, physical manifestations of emotional distress, humiliation, loss of self-esteem, and other psychological injuries, was prevented and will continue to be prevented from performing his normal daily activities and obtaining the full enjoyment there of life, will incur expenses for psychological treatment, therapy and counseling. Mr. Ekblad has also sustained damages for loss of pay and future pay.

## COUNT III – VALERIA SILVA, INDIVIDUALLY AND AND IN HER OFFICIAL CAPACITY SECTION 1983

Plaintiff, for his third cause of action against Valeria Silva, individually and in her official capacity, alleges as follows:

Plaintiff incorporates all paragraphs of this complaint as if fully set forth under this count and further alleges that:

107. SPPS receives federal funding and Ms. Silva, while acting under the color of law and authority, subjected Mr. Ekblad to the injuries he sustained on December 4, 2015.

108. On or about December 4, 2015, Mr. Ekblad was physically assaulted and battered by a student at CSHS. Mr. Ekblad was repeatedly punched and choked by the student and sustained multiple serious injuries.

109. As a result of the December 4, 2015 incident, Mr. Ekblad has incurred permanent injuries.

110. Mr. Ekblad was attacked on December 4, 2015 for personal reasons.

111. Mr. Ekblad's injuries were sustained while he was on lunch.

112. On approximately December 24, 2015, SPPS sent Mr. Ekblad a letter explaining that it would "protect" Mr. Ekblad's job.

113. Prior to the December 4, 2015 incident, Ms. Silva had knowledge of the dangerous conditions present at CSHS.

114. Upon information and belief, prior to the December 4, 2015 incident, Ms. Silva knew that the student who attacked Mr. Ekblad was a danger to others.

115. Prior to, and at the time of, the December 4, 2015 incident, Ms. Silva failed to take adequate precautions to prevent the type of injuries sustained by Mr. Ekblad.

116. Prior to, and at the time of, the December 4, 2015 incident, Ms. Silva failed to provide proper security at CSHS.

117. Ms. Silva, as Superintendent, could have and should have prevented Mr. Ekblad's injuries by properly supervising premises and students of CSHS.

118. Prior to the December 4, 2015 incident, there were approximately 20 assaults against teachers at locations operated by and supervised by Ms. Silva.

119. Ms. Silva knew that the injuries to Mr. Ekblad would occur if it failed to adequately supervise CSHS's premises and/or students.

120. Following the December 4, 2015 incident, Mr. Ekblad has been unable to return to work because of the injuries he sustained.

121. The injuries sustained by Mr. Ekblad were the result of the illegal acts of Ms. Silva.

122. The student who injured Mr. Ekblad has pleaded guilty to felony assault.

123. Prior to the December 4, 2015 incident, Ms. Silva knew that the premises of CSHS was dangerous and posed an imminent risk to teachers, support staff, building administration, and students.

124. Prior to, and at the time of, the December 4, 2015 incident, Ms. Silva failed to take any disciplinary action against the student who assaulted Mr. Ekblad despite having knowledge that the student was a danger to others.

125. Prior to, and at the time of, the December 4, 2015 incident, Ms. Silva had actual knowledge that there was a physical violence problem towards teachers at CSHS. Despite this knowledge, Ms. Silva failed to take any action to prevent the kinds of injuries sustained by Mr. Ekblad.

126. Mr. Ekblad's injuries were the result of foreseeable misconduct that could have been prevented by the exercise of reasonable care.

127. Ms. Silva, as Superintendent for SPPS, responsible for preventing the kinds of injuries sustained by Mr. Ekblad on December 4, 2015.

128. Ms. Silva had a duty to keep its premises safe for Mr. Ekblad.

129. Ms. Silva had a non-discretionary duty to provide Mr. Ekblad with an environment free of abuse, harassment, violence, and assaultive behavior of students.

130. The actions of Ms. Silva in placing Mr. Ekblad in a dangerous environment was in violation of her non-discretionary duties and rules.

131. Mr. Ekblad has never elected workers' compensation.

132. Mr. Ekblad has the Constitutional right, under the State and Federal Constitutions, to elect to proceed against the Defendants in a civil forum, separate from the workers' compensation laws.

133. Mr. Ekblad has sustained injuries that cannot be redressed through workers' compensation.

134. The actions of the Ms. Silva were willful, malicious, or intentional and cased damages to Mr. Ekblad.

135. Ms. Silva breached her duty of care to Mr. Ekblad by failing to follow policy to prevent violence and placing Mr. Ekblad in a situation which posed a foreseeable risk of injuries.

136. Ms. Silva did not take adequate precautions in protecting Mr. Ekblad from SPPS students' foreseeable actions.

137. Ms. Silva breached her duty by failing to properly supervise its students while on SPPS property.

138. Ms. Silva breached her duty by failing to properly supervise its premises and by failing to properly warn SPPS's visitors of a known, dangerous condition.

139. Ms. Silva breached her duty by not exercising statutory policy, procedures and precautionary measures, education and training regarding violence.

140.  As a result of the conduct of Ms. Silva, Mr. Ekblad has suffered and will continue to suffer severe and permanent physical injury, severe and permanent emotional distress, physical manifestations of emotional distress, humiliation, loss of self-esteem, and other psychological injuries, was prevented and will continue to be prevented from performing his normal daily activities and obtaining the full enjoyment there of life, will incur expenses for psychological treatment, therapy and counseling.  Mr. Ekblad has also sustained damages for loss of pay and future pay.

### COUNT IV – THERESA BATTLE, INDIVIDUALLY AND AND IN HER OFFICIAL CAPACITY SECTION 1983

Plaintiff, for his fourth cause of action against Theresa Battle, individually and in her official capacity, alleges as follows:

Plaintiff incorporates all paragraphs of this complaint as if fully set forth under this count and further alleges that:

141.  SPPS receives federal funding and Ms. Battle, while acting under the color of law and authority, subjected Mr. Ekblad to the injuries he sustained on December 4, 2015.

142.  On or about December 4, 2015, Mr. Ekblad was physically assaulted and battered by a student at CSHS.  Mr. Ekblad was repeatedly punched and choked by the student and sustained multiple serious injuries.

143.  As a result of the December 4, 2015 incident, Mr. Ekblad has incurred permanent injuries.

144.  Mr. Ekblad was attacked on December 4, 2015 for personal reasons.

145.  Mr. Ekblad's injuries were sustained while he was on lunch.

146. On approximately December 24, 2015, SPPS sent Mr. Ekblad a letter explaining that it would "protect" Mr. Ekblad's job.

147. Prior to the December 4, 2015 incident, Ms. Battle had knowledge of the dangerous conditions present at CSHS.

148. Upon information and belief, prior to the December 4, 2015 incident, Ms. Battle knew that the student who attacked Mr. Ekblad was a danger to others.

149. Prior to, and at the time of, the December 4, 2015 incident, Ms. Battle failed to take adequate precautions to prevent the type of injuries sustained by Mr. Ekblad.

150. Prior to, and at the time of, the December 4, 2015 incident, Ms. Battle failed to provide proper security at CSHS.

151. Ms. Battle, as Superintendent, could have and should have prevented Mr. Ekblad's injuries by properly supervising premises and students of CSHS.

152. Prior to the December 4, 2015 incident, there were approximately 20 assaults against teachers at locations operated by and supervised by Ms. Battle.

153. Ms. Battle knew that the injuries to Mr. Ekblad would occur if it failed to adequately supervise CSHS's premises and/or students.

154. Following the December 4, 2015 incident, Mr. Ekblad has been unable to return to work because of the injuries he sustained.

155. The injuries sustained by Mr. Ekblad were the result of the illegal acts of Ms. Battle.

156. The student who injured Mr. Ekblad has pleaded guilty to felony assault.

157. Prior to the December 4, 2015 incident, Ms. Battle knew that the premises of CSHS was dangerous and posed an imminent risk to teachers, support staff, building administration, and students.

17

158. Prior to, and at the time of, the December 4, 2015 incident, Ms. Battle failed to take any disciplinary action against the student who assaulted Mr. Ekblad despite having knowledge that the student was a danger to others.

159. Prior to, and at the time of, the December 4, 2015 incident, Ms. Battle had actual knowledge that there was a physical violence problem towards teachers at CSHS. Despite this knowledge, Ms. Battle failed to take any action to prevent the kinds of injuries sustained by Mr. Ekblad.

160. Mr. Ekblad's injuries were the result of foreseeable misconduct that could have been prevented by the exercise of reasonable care.

161. Ms. Battle, as Assistant Superintendent for SPPS, is responsible for preventing the kinds of injuries sustained by Mr. Ekblad on December 4, 2015.

162. Ms. Battle had a duty to keep its premises safe for Mr. Ekblad.

163. Ms. Battle had a non-discretionary duty to provide Mr. Ekblad with an environment free of abuse, harassment, violence, and assaultive behavior of students.

164. The actions of Ms. Battle in placing Mr. Ekblad in a known dangerous environment was in violation of her non-discretionary duties and rules.

165. Mr. Ekblad has never elected workers' compensation.

166. Mr. Ekblad has the Constitutional right, under the State and Federal Constitutions, to elect to proceed against the Defendants in a civil forum, separate from the workers' compensation laws.

167. Mr. Ekblad has sustained injuries that cannot be redressed through workers' compensation.

168. The actions of the Ms. Battle were willful, malicious, or intentional and cased damages to Mr. Ekblad.

169. Ms. Battle breached her duty of care to Mr. Ekblad by failing to follow policy to prevent violence and placing Mr. Ekblad in a situation which posed a foreseeable risk of injuries.

170. Ms. Battle did not take adequate precautions in protecting Mr. Ekblad from SPPS students' foreseeable actions.

171. Ms. Battle breached her duty by failing to properly supervise its students while on SPPS property.

172. Ms. Battle breached her duty by failing to properly supervise its premises and by failing to properly warn SPPS's visitors of a known, dangerous condition.

173. Ms. Battle breached her duty by not exercising statutory policy, procedures and precautionary measures, education and training regarding violence.

174. As a result of the conduct of Ms. Battle, Mr. Ekblad has suffered and will continue to suffer severe and permanent physical injury, severe and permanent emotional distress, physical manifestations of emotional distress, humiliation, loss of self-esteem, and other psychological injuries, was prevented and will continue to be prevented from performing his normal daily activities and obtaining the full enjoyment there of life, will incur expenses for psychological treatment, therapy and counselling. Mr. Ekblad has also sustained damages for loss of pay and future pay.

WHEREFORE, Plaintiff prays for judgment against the Defendants for a reasonable amount, together with costs, disbursements, reasonable attorneys' fees, all damages enumerated under the 1983 section, statutory prejudgment interest herein, and any other relief deemed necessary to make the Plaintiff whole.

19

## PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE.

## PLAINTIFF RESERVES THE RIGHT TO AMEND HIS COMPLAINT TO ALLEGE

## PUNITIVE DAMAGES.

Dated: March 1, 2016

VILLAUME & SCHIEK, P.A.

Philip G. Villaume (#112859)
Jeffrey D. Schiek (#0305455)
Thomas H. Priebe (#0395187)
Attorneys for Plaintiff
BLN Office Park
2051 Killebrew Drive, Suite 611
Bloomington, MN 55425
(952) 851-9500

## ACKNOWLEDGMENT

IT IS HEREBY ACKNOWLEDGED that the allegations of this Complaint are well-grounded in fact and are warranted by existing law or good faith argument for its extensions modification reversal. Plaintiff brings this Complaint in good faith and not for any improper purposes. The Plaintiff, acknowledge that costs, disbursements and reasonable attorney and witness fees may be awarded to Defendants.

Dated: March 1, 2016

VILLAUME & SCHIEK, P.A.

Philip G. Villaume (#112859)
Jeffrey D. Schiek (#0305455)
Thomas H. Priebe (#0395187)
Attorneys for Plaintiff
BLN Office Park
2051 Killebrew Drive, Suite 611
Bloomington, MN 55425
(952) 851-9500