UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 16-834(DSD/SER)

John Ekblad,

        Plaintiff,

v.                                                         **ORDER**

Independent School District No. 625,
Valeria Silva, individually and in her
Official Capacity, and Theresa Battle,
individually and her Official Capacity,

        Defendants.

This matter is before the court upon the motion for review of taxation of costs by plaintiff John Ekblad. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

On May 25, 2017, the court granted the motion for summary judgment by defendants Independent School District No. 625, school district superintendent Valeria Silva, and assistant superintendent Theresa Battle. On October 3, 2017, the clerk of court taxed $4,329.90 in costs in favor of defendants. Ekblad now moves for review of the cost judgment.

The court has "substantial discretion" in awarding costs to a prevailing party under 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997). Unless a federal statute, rules, or court order provides otherwise, "costs - other than attorney's fees - should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

Ekblad had the burden to show that the cost judgment "is inequitable under the circumstances." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002).

Ekblad argues that the deposition transcript fees did not need to be incurred and, at a minimum, should be lowered to a rate under $.25 per page. Ekblad also argues that he should not bear the costs of Aaron Benner's deposition because defendants did not rely on that deposition in their moving papers. The court is unpersuaded by Ekblad's arguments. First, "deposition transcripts for witnesses that possessed information relevant to the claims or defense in the case may be taxed, even though the transcripts were not used at summary judgment." Superior Seafoods Inc. v. Hanft Fride, No. 05-170, 2011 WL 6218286, at *1 (D. Minn. Nov. 21, 2011). Ekblad has failed to establish that any of the taxed depositions were unwarranted.[1] Second, Ekblad has not established that the copy rate is excessive or otherwise inequitable.

Accordingly, **IT IS HEREBY ORDERED** that the motion for review of taxation of costs [ECF No. 125] is denied.

Dated: November 1, 2017

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court

---

[1] Ekblad is correct that defendants did not cite to Benner's deposition in support of their summary judgment motion. However, Ekblad relied on Benner's testimony in opposition to the motion, thereby establishing that Benner possessed information relevant to the case.